IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUSTIN G., <br><br> Claimant, <br><br> v. <br><br> MARTIN O'MALLEY, <br> Commissioner of Social Security, <br><br> Respondent. | No. 21 C 4039 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Dustin G.[1] ("Claimant") appeals the final decision of Respondent Martin O'Malley,[2] Commissioner of the Social Security Administration ("Commissioner"), denying his application for disability insurance benefits. For the reasons set forth below, Claimant's Motion for Summary Judgment [ECF No. 15] is granted. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

**BACKGROUND**

On August 13, 2018, Claimant filed an application for disability insurance benefits, alleging a disability beginning July 20, 2018. (R.13). His claim was denied

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his or her full first name and the first initial of the last name.

[2] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

initially and on reconsideration, and Claimant then requested a hearing. (R.13). Administrative Law Judge ("ALJ") Michael Hellman held a telephone hearing on November 6, 2020, and issued a decision on November 23, 2020, finding Claimant was not disabled. (R.13-32). The Appeals Council declined to review the ALJ's decision (R.1-6), and therefore, the ALJ's decision is considered the final decision of the Commissioner. Judicial review of that final decision by this Court is authorized by the Social Security Act, 42 U.S.C. § 405(g).

## DISCUSSION

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the

claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

In this case at step one, the ALJ found that Claimant had not engaged in substantial gainful activity since July 20, 2018, the alleged onset date of disability. (R.15). At step two, the ALJ found Claimant has the following severe impairments: cognitive disorder, borderline intellectual functioning, learning disorder, depressive disorder, and a speech articulation impairment. (R.15). At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R.17). The ALJ then determined Claimant has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: "The claimant is limited to occupations which do not require frequent verbal communication and can understand, remember and apply instructions for routine and repetitive tasks performed in a work environment free of fast paced production requirements. The claimant can adapt to few, if any, simple changes in a daily work routine. The claimant can maintain brief superficial (i.e., enough to give and get basic information) interaction with co-workers and supervisors where social contact is incidental to the work performed and where he can perform tasks that require no interaction with the public." (R.19). At step four,

3

the ALJ concluded that Claimant does not have any past relevant work.[3] (R.29). At step five, the ALJ found that jobs exist in significant numbers in the national economy that Claimant can perform, and thus he is not disabled. (R.30).

Claimant asserts four arguments challenging the ALJ's decision, including: (1) the ALJ failed to confront Claimant's history of disciplinary infractions received while interacting with supervisors and coworkers in his highly-accommodated sole past job and thus failed to build a logical bridge from the evidence to his conclusion that Claimant could perform substantial gainful activity and meet the mental demands of competitive, non-accommodated work pursuant to SSR 85-15; (2) the RFC is deficient because the ALJ neglected to incorporate limitations related to Claimant's likely anger outbursts or to question the vocational expert about tolerance for such outbursts in competitive employment; (3) the ALJ erred by improperly discounting the lay opinion of Lori Walsh, an administrator at Claimant's previous employment; and (4) the ALJ's credibility determination is patently wrong. In the Court's view, Claimant's first three arguments are related and raise similar questions about the ALJ's failure to address Claimant's history of disciplinary infractions involving his anger and outbursts in his previous employment and whether the ALJ erred by not addressing Claimant's history of outbursts with the vocational expert when inquiring about the existence of potential jobs for a person with Claimant's RFC.

---

[3] The ALJ explained: "Although the claimant worked for approximately 18 years as a dietary aide, the evidence does not establish that his work activity is relevant because it was accommodated work performed under special conditions pursuant to 20 CFR 404.1573(c)." (R.29).

4

It is well-settled law that an ALJ must build an accurate and logical bridge from the evidence to his conclusion and may not ignore evidence that undercuts that conclusion. *Spicher v. Berryhill*, 898 F.3d 754, 757 (7th Cir. 2018). Although an ALJ need not address every piece of evidence, he "may not ignore entire swaths of it that point toward a finding of disability." *Lothridge v. Saul*, 984 F.3d 1227, 1234 (7th Cir. 2021); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). In this case, the ALJ concluded Claimant could sustain competitive employment but did not address evidence in the record that Claimant received multiple disciplinary write-ups at his previous employment, including, among other reports, that Claimant broke dishware, kicked shelves, slammed and pushed equipment, and exhibited aggressive behavior when angry which made other staff feel threatened. (R.321-35). Despite his previous employer's accommodations which included limited interpersonal interaction, extra supervision, and up to double the time to perform job tasks, the record shows that Claimant's outbursts ultimately resulted in his employment being terminated (R. 321-35). The ALJ did not discuss this evidence nor explain why he did not find it probative or relevant to his analysis.

According to Social Security Regulation 85-15, "responding appropriately to supervision, coworkers, and usual work situations" is one of the basic mental demands of work, and a substantial loss of function in this area "would severely limit the potential occupational base" and could justify a finding of disability. *See* SSR 85-

5

15. The Seventh Circuit has further clarified that "even a moderate limitation on responding appropriately to supervisors … may undermine seriously a claimant's ability to work." *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 693 (7th Cir. 2016). The Court agrees with Claimant's argument that the ALJ failed to adequately assess his ability to respond appropriately to coworkers and supervisors in accordance with SSR 85-15 and failed to build an accurate and logical bridge to his conclusion that Claimant is able to engage in competitive work. It is not clear to the Court whether the ALJ ignored the evidence of repeated disciplinary action or considered it and did not find it persuasive or probative. The Court will not speculate, and therefore, remand is required.

    The Court also finds that the ALJ improperly dismissed the lay opinion of Lori Walsh, an administrator at Claimant's former place of employment. The ALJ stated that Ms. Walsh's opinion was "inherently neither valuable nor persuasive" because it included "conclusory statements … that the clamant is unemployable without special accommodations." (R.30). The Court does not take issue with the ALJ's decision to dismiss Ms. Walsh's ultimate conclusion as to Claimant's future employability and agrees that is an assessment left to the ALJ. However, the Court finds that the ALJ's wholesale rejection of Ms. Walsh's factual assessments is not justified and resulted in the vocational expert not considering the entirety of Claimant's limitations. In dismissing Ms. Walsh's explanation of the need to accommodate Claimant's limitations and her assessment of those limitations, the ALJ ignored the probative evidence about Claimant's work capacity, including Ms. Walsh's assessment that

6

Claimant "struggled in his ability to interact appropriately with co-workers and supervisors as he was reprimanded frequently related to anger outbursts." (R.335).

An ALJ must consider all relevant evidence in the record to construct the RFC, including the testimony of a claimant's friends and family, or as was the case here, Claimant's former employer. *Murphy v. Colvin*, 759 F.3d 811, 817 (7th Cir. 2014). Claimant's history of angry outbursts and Ms. Walsh's assessment are, in the Court's view, relevant to and probative of Claimant's capacity for full-time, competitive employment. Because the ALJ did not address Claimant's history of outbursts, or potential for future outbursts, in the workplace either in the RFC assessment or when discussing potential employment with the vocational expert, this case must be remanded for further development of the record on this issue.

"If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record." *Indoranto v. Barnhart,* 374 F.3d 470, 475 (7th Cir.2004). "The reason for the rule is to ensure that the vocational expert does not refer to jobs that the applicant cannot work because the expert did not know the full range of the applicant's limitations." *Steele v. Barnhart,* 290 F.3d 936, 942 (7th Cir. 2002). In this case, as discussed above, the ALJ did not sufficiently address all of Claimant's impairments in determining the RFC and as a result provided an incomplete hypothetical to the vocational expert. Because the ALJ did not provide the vocational expert with a complete picture of Claimant's limitations, remand is required so the ALJ may provide a more fulsome explanation of his assessment of all

7

relevant evidence in the record and present an accurate assessment and complete hypotheticals to the vocational expert.

Because the above issues are dispositive, the Court need not address Claimant's remaining argument that ALJ's credibility assessment was patently wrong. On remand, the Court encourages the ALJ evaluate the complete record and build a legally acceptable logical bridge between the evidence in the record and his ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672 (7th Cir. 2009); *Smith v. Apfel*, 231 F.3d 433 (7th Cir. 2000).

## CONCLUSION

For the reasons set forth above, Claimant's Memorandum in Support of Summary Remand [ECF No. 20] is granted. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: June 11, 2024